# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| INTEGRAMED HOLDING CORP.,[1] | ) ) | Case No. 20-11169 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED AMERICA, INC., | ) ) | Case No. 20-11170 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRELLIS HEALTH LLC, | ) ) | Case No. 20-11171 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED FERTILITY HOLDING CORP., | ) ) | Case No. 20-11172 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| REPRODUCTIVE PARTNERS, INC., | ) ) | Case No. 20-11173 (LSS) |
| Debtor. | ) ) ) | |

---

[1] The Debtors in the above captioned Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IntegraMed Holding Corp. (4778), IntegraMed America, Inc. (0326), Trellis Health LLC (8710), IntegraMed Fertility Holding Corp. (7962), Reproductive Partners, Inc. (7978), IntegraMed Management of Bridgeport, LLC (0302), IntegraMed Florida Holdings, LLC (6524), IntegraMed Management of Mobile, LLC (2766), IntegraMed Management, LLC (9197), and IntegraMed Medical Missouri, LLC (0494). The Debtors' corporate headquarters is located at 2 Manhattanville Road, Purchase, NY 10577.

26354994.5

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT OF BRIDGEPORT, LLC, | ) ) | Case No. 20-11175 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED FLORIDA HOLDINGS, LLC, | ) | Case No. 20-11176 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT OF MOBILE, LLC, | ) ) | Case No. 20-11179 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT, LLC, | ) | Case No. 20-11181 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MEDICAL MISSOURI, LLC, | ) | Case No. 20-11184 (LSS) |
| | ) | |
| Debtor. | ) | |

## THE CHAPTER 7 CASES SCHEDULES AND SOFAS GLOBAL NOTES

**These Global Notes filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") in connection with the Debtors' Schedules of Assets and Liabilities (the "<u>Schedules</u>") and Statements of Financial Affairs (the "<u>SOFAs</u>") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.**

1. The Debtors prepared these unaudited Schedules and SOFAs pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Except where otherwise noted the information provided herein is presented as of the beginning of business on April 30, 2020.

2. Prior to the Petition Date, on May 11, 2020, IntegraMed America, Inc. sold certain of its information technology assets to an entity affiliated with Amulet Capital Partners, L.P. for a purchase price of $7 million and the assumption of certain liabilities.  Such assets have been excluded from the Schedules and SOFAs

3. While the Debtors have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and SOFAs.  Moreover, because the Schedules and SOFAs contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete or accurate.

4. In reviewing and signing the Schedules and SOFAs, F. Richard Dietz, Jr., the duly authorized and designated representative of the Debtors (the "Designated Representative"), has necessarily relied upon the prior efforts, statements and representations of other employees, personnel and professionals of the Debtors.  The Designated Representative has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and SOFAs, including but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

5. The Debtors reserve their rights to amend the Schedules and SOFAs as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  These Global Notes will apply to all such amendments.  Furthermore, nothing contained in the Schedules or SOFAs shall constitute a waiver of the Debtors' rights with respect to the chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.

6. Any failure to designate a claim listed on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them. The Debtors reserve all of their rights with respect to any such credits and allowances.

26354994.5

7. Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated. In such cases, no amounts are listed or the amounts are listed as "undetermined," "unknown," "none calculated" or to similar effect. Accordingly, for this and other reasons the Schedules may not fully reflect the aggregate amount of the Debtors' assets and liabilities.

8. At times, the preparation of the Schedules and the SOFAs required the Debtors to make assumptions that may affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and/or other items. Actual results could differ from those estimates. Pursuant to Bankruptcy Rule 1009, the Debtors may amend their Schedules and SOFAs as they deem necessary and appropriate to reflect material changes. In addition, the Debtors, for the benefit of their estates, reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules or SOFAs.

9. Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

10. Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and SOFAs are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including intangible assets, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 7 cases. The Debtors did not formally evaluate the appropriateness of the carrying values ascribed to their assets prior to commencement of the chapter 7 cases.

11. Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three to seven years for furniture, fixtures, equipment, and software.

12. Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and SOFAs of the Debtor that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and SOFAs does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

13. With respect to Schedule A/B, questions 6-7, the retainer amounts paid by the Debtors to their bankruptcy counsel, Young Conaway Stargatt & Taylor, LLP, on an earned upon receipt basis do

    not constitute an interest of the Debtors in property and are thus not listed in response to Schedule B, questions 6-7.  These payments are listed in response to SOFA question 11.

14. With respect to Schedule A/B, Question 3, bank account balances are reported as of May 19, 2020.

15. With respect to Schedule A/B, question 10, the Debtors listed the accounts receivable on a consolidated basis in the Schedule of Integramed America, Inc.

16. Schedule D does not include beneficiaries of letters of credit.  Although the claims of certain parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

17. Certain claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

18. The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

19. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

20. With respect to Schedule D, the Debtors listed Bank of Montreal as the agent to the secured debt listed at D.1 and D.2.  However, prior to the Petition Date, Amulet Capital Partners or an affiliate thereof purchased the debt listed at D.1.  The Debtors do not know with certainty whether, as of the Petition Date, Bank of Montreal has been replaced as agent for purposes of the senior secured debt listed at D.1.

21. With respect to Schedule E/F, part 2, all creditors and amounts listed are derived from the Debtors' accounts payable as of May 20, 2020.  The Debtors are unable to state with certainty the dates that such debts were incurred, and accordingly, the Debtors have not listed the dates that such debts were incurred.

22. With respect to Schedule E/F, part 2, the addresses for certain creditors were not available in the Debtors' books and records.  Such addresses have, accordingly, been omitted.

23. With respect to Schedule E/F, the Debtors have omitted the entry of any patients who received care at non-debtor owned clinical facilities in accordance with the policies and protections afforded by the Health Insurance Portability and Accountability Act ("HIPAA").  Such patients may be creditors of the Debtors, and appropriate records will be made available to the Chapter 7 Trustee and the Court upon request.

24. The Debtors have included information for all of their employees, each of whom was paid through and including May 23, 2020, on account of earned wages, salaries and paid time off. Any amounts owed to such employees are unknown, and have been listed as such on the Schedules. Appropriate correspondence regarding the commencement of these chapter 7 cases was sent to employees immediately upon the filing of these proceedings. .

25. With respect to Schedule G, part 2, the addresses for certain executory contract or unexpired lease counterparties were not available in the Debtors' books and records. Such addresses have been omitted.

26. With respect to Schedule H, each of the Debtors are co-obligors with respect to scheduled claims listed at D.1 and D.2. Accordingly, each of the Debtors have been listed on Schedule H with respect to such claims.

27. The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

28. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

29. For purposes of Schedule H, the Debtors have not listed their past insurers or current insurers as co-debtors because the Debtors are unaware of any actual present liability on the part of these parties. The Debtors reserve their rights to assert that any of the various foregoing parties (or any other party not listed on Schedule H whom the Debtors later discover to be liable in whole or part for any obligation of the Debtors) is a co-debtor with the Debtors, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any rights of the Debtors to assert that any entity not listed in response to Schedule H is a co-debtor with respect to one or more of the Debtors' obligations.

30. Prior to the commencement of these cases, on May 8, 2020, May 16, 2020, and May 19, 2020, the Debtors issued three special payrolls to all employees for their earned wages, salaries, and paid time off. All other payrolls were made in the ordinary course of business on a biweekly basis. Due to the voluminous nature of such employee payments, the Debtors have excluded payments to rank and file employees in SOFA question 3. For the avoidance of doubt, the Debtors have included all applicable payments to insiders in SOFA question 4.

31. With respect to SOFA questions 26(b) through 26(d), the Debtors have excluded rank and file accountants and bookkeepers in response to this question, instead listing those officers who supervised them, as well as the Debtors' external accounting and audit firms.

32. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their past or present officers, employees, attorneys, professionals and/or agents (including, but not limited to, the Designated Representative) be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

**Fill in this information to identify the case:**

Debtor name: **Trellis Health LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **20-11171 (LSS)**

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 22, 2020**

X **/s/ F. Richard Dietz, Jr.**
Signature of individual signing on behalf of debtor

**F. Richard Dietz, Jr.**
Printed name

**Interim Chief Executive Officer**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name: __Trellis Health LLC__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known): __20-11171 (LSS)__

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals 12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................... $ 0.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*.................................................................................. $ 0.00

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................................... $ 0.00

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................... $ 92,303,605.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.................................... $ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................... +$ 0.00

4. **Total liabilities** .................................................................................................
Lines 2 + 3a + 3b

    $ 92,303,605.00

**Fill in this information to identify the case:**

Debtor name __Trellis Health LLC__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) __20-11171 (LSS)__

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:** **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ■ No. Go to Part 2.
   ☐ Yes Fill in the information below.

   All cash or cash equivalents owned or controlled by the debtor

   Current value of debtor's interest

**Part 2:** **Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

**Part 3:** **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

    ■ No. Go to Part 4.
    ☐ Yes Fill in the information below.

**Part 4:** **Investments**

13. **Does the debtor own any investments?**

    ■ No. Go to Part 5.
    ☐ Yes Fill in the information below.

**Part 5:** **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ■ No. Go to Part 6.
    ☐ Yes Fill in the information below.

**Part 6:** **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ■ No. Go to Part 7.

| Debtor | **Trellis Health LLC** | Case number *(If known)* **20-11171 (LSS)** |
|---|---|---|
| | Name | |

☐ Yes Fill in the information below.

### Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

### Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

### Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. 7 W 18TH ST, 900, New York, NY | Lessor | Unknown | N/A | Unknown |

56. **Total of Part 9.** $0.00
    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
    Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
    ■ No
    ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

### Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

### Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

| Debtor | **Trellis Health LLC** | Case number *(If known)* **20-11171 (LSS)** |
|---|---|---|
| | Name | |

■ No. Go to Part 12.
☐ Yes Fill in the information below.

| Debtor | **Trellis Health LLC** | Case number *(If known)* | **20-11171 (LSS)** |
|---|---|---|---|
| | Name | | |

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. | **Real property.** *Copy line 56, Part 9.....................>* | | $0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **Trellis Health LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **20-11171 (LSS)**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property 12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|

**2.1** **Bank of Montreal (Administrative Agent)**
Creditor's Name

Robert A. Kiefer
150 King Street West
11th Floor
Toronto, Ontario, Canada
M5K 3T9
Creditor's mailing address

Creditor's email address, if known

Date debt was incurred
**December 17, 2015**
Last 4 digits of account number

Do multiple creditors have an interest in the same property?
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

Describe debtor's property that is subject to a lien
**Substantially all assets**

Describe the lien
**Senior secured term loan**

Is the creditor an insider or related party?
■ No
☐ Yes

Is anyone else liable on this claim?
☐ No
■ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount: **$70,144,065.00**   Value: **Unknown**

**2.2** **Bank of Montreal (Administrative Agent)**
Creditor's Name

Zoltan J. Szoldatits
100 King Street West
23rd Floor
Toronto, Ontario, Canada
M5X1A1
Creditor's mailing address

Creditor's email address, if known

Date debt was incurred

Describe debtor's property that is subject to a lien
**Substantially all assets**

Describe the lien
**Suborinated credit facility**

Is the creditor an insider or related party?
■ No
☐ Yes

Is anyone else liable on this claim?
☐ No

Amount: **$22,159,540.00**   Value: **$0.00**

| Debtor | **Trellis Health LLC** | Case number (if known) | **20-11171 (LSS)** |
|---|---|---|---|
| | Name | | |

☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ☒ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $92,303,605.00

**Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

**Fill in this information to identify the case:**

Debtor name: **Trellis Health LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **20-11171 (LSS)**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims  12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☒ No. Go to Part 2.
   ☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* |
|---|---|---|
| | | ☐ Contingent |
| | | ☐ Unliquidated |
| | **Date or dates debt was incurred** ____ | ☐ Disputed |
| | **Last 4 digits of account number** ____ | **Basis for the claim:** ____ |
| | | Is the claim subject to offset?  ☐ No  ☐ Yes |

### Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

|  | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ 0.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name: **Trellis Health LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **20-11171 (LSS)**

☐ Check if this is an amended filing

Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest: **7 W 18TH ST, 900, New York, NY** | |
| | State the term remaining: **4/30/2029** | **Anita Polczynska**<br>**George Comfort & Sons**<br>**200 Madison Avenue**<br>**New York, NY 10016** |
| | List the contract number of any government contract: | |

**Fill in this information to identify the case:**

Debtor name: **Trellis Health LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **20-11171 (LSS)**

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Your Codebtors          12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**  |  *Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | IntegraMed America, Inc. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D __2.1__ ☐ E/F ____ ☐ G ____ |
| 2.2 | IntegraMed America, Inc. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D __2.2__ ☐ E/F ____ ☐ G ____ |
| 2.3 | IntegraMed Fertility Holding Corp. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D __2.1__ ☐ E/F ____ ☐ G ____ |
| 2.4 | IntegraMed Fertility Holding Corp. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D __2.2__ ☐ E/F ____ ☐ G ____ |
| 2.5 | IntegraMed Florida Holdings, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D __2.1__ ☐ E/F ____ ☐ G ____ |

| Debtor | Trellis Health LLC | Case number (if known) | 20-11171 (LSS) |

**Additional Page to List More Codebtors**
Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | | |
|---|---|---|---|---|---|
| 2.6 | IntegraMed Florida Holdings, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.2 |
| 2.7 | IntegraMed Holding Corp. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.1 |
| 2.8 | IntegraMed Holding Corp. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.2 |
| 2.9 | IntegraMed Management of Bridgeport, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.1 |
| 2.10 | IntegraMed Management of Bridgeport, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.2 |
| 2.11 | IntegraMed Management of Mobile, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.1 |
| 2.12 | IntegraMed Management of Mobile, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.2 |
| 2.13 | IntegraMed Management, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D <br> ☐ E/F <br> ☐ G | 2.1 |

Debtor **Trellis Health LLC**     Case number *(if known)* **20-11171 (LSS)**

**Additional Page to List More Codebtors**
Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| 2.14 | IntegraMed Management, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.15 | IntegraMed Medical Missouri, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.16 | IntegraMed Medical Missouri, LLC | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.17 | Reproductive Partners, Inc. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.18 | Reproductive Partners, Inc. | 2 Manhattanville Road Purchase, NY 10577 | Bank of Montreal (Administrative Agent) | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |