**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| INTEGRAMED HOLDING CORP.,[1] | ) ) | Case No. 20-11169 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED AMERICA, INC., | ) ) | Case No. 20-11170 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRELLIS HEALTH LLC, | ) ) | Case No. 20-11171 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED FERTILITY HOLDING CORP., | ) ) | Case No. 20-11172 (LSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| REPRODUCTIVE PARTNERS, INC., | ) ) | Case No. 20-11173 (LSS) |
| Debtor. | ) ) ) | |

---

[1] The Debtors in the above captioned Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IntegraMed Holding Corp. (4778), IntegraMed America, Inc. (0326), Trellis Health LLC (8710), IntegraMed Fertility Holding Corp. (7962), Reproductive Partners, Inc. (7978), IntegraMed Management of Bridgeport, LLC (0302), IntegraMed Florida Holdings, LLC (6524), IntegraMed Management of Mobile, LLC (2766), IntegraMed Management, LLC (9197), and IntegraMed Medical Missouri, LLC (0494).  The Debtors' corporate headquarters is located at 2 Manhattanville Road, Purchase, NY 10577.

26354994.5

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT OF BRIDGEPORT, LLC, | ) ) | Case No. 20-11175 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED FLORIDA HOLDINGS, LLC, | ) | Case No. 20-11176 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT OF MOBILE, LLC, | ) ) | Case No. 20-11179 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT, LLC, | ) | Case No. 20-11181 (LSS) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MEDICAL MISSOURI, LLC, | ) | Case No. 20-11184 (LSS) |
| | ) | |
| Debtor. | ) | |

## THE CHAPTER 7 CASES SCHEDULES AND SOFAS GLOBAL NOTES

These Global Notes filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in connection with the Debtors' Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.

1. The Debtors prepared these unaudited Schedules and SOFAs pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Except where otherwise noted the information provided herein is presented as of the beginning of business on April 30, 2020.

2. Prior to the Petition Date, on May 11, 2020, IntegraMed America, Inc. sold certain of its information technology assets to an entity affiliated with Amulet Capital Partners, L.P. for a purchase price of $7 million and the assumption of certain liabilities.  Such assets have been excluded from the Schedules and SOFAs

3. While the Debtors have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and SOFAs.  Moreover, because the Schedules and SOFAs contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete or accurate.

4. In reviewing and signing the Schedules and SOFAs, F. Richard Dietz, Jr., the duly authorized and designated representative of the Debtors (the "Designated Representative"), has necessarily relied upon the prior efforts, statements and representations of other employees, personnel and professionals of the Debtors.  The Designated Representative has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and SOFAs, including but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

5. The Debtors reserve their rights to amend the Schedules and SOFAs as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  These Global Notes will apply to all such amendments.  Furthermore, nothing contained in the Schedules or SOFAs shall constitute a waiver of the Debtors' rights with respect to the chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.

6. Any failure to designate a claim listed on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them. The Debtors reserve all of their rights with respect to any such credits and allowances.

26354994.5

7. Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated. In such cases, no amounts are listed or the amounts are listed as "undetermined," "unknown," "none calculated" or to similar effect. Accordingly, for this and other reasons the Schedules may not fully reflect the aggregate amount of the Debtors' assets and liabilities.

8. At times, the preparation of the Schedules and the SOFAs required the Debtors to make assumptions that may affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and/or other items. Actual results could differ from those estimates. Pursuant to Bankruptcy Rule 1009, the Debtors may amend their Schedules and SOFAs as they deem necessary and appropriate to reflect material changes. In addition, the Debtors, for the benefit of their estates, reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules or SOFAs.

9. Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

10. Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and SOFAs are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including intangible assets, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 7 cases. The Debtors did not formally evaluate the appropriateness of the carrying values ascribed to their assets prior to commencement of the chapter 7 cases.

11. Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three to seven years for furniture, fixtures, equipment, and software.

12. Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and SOFAs of the Debtor that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and SOFAs does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

13. With respect to Schedule A/B, questions 6-7, the retainer amounts paid by the Debtors to their bankruptcy counsel, Young Conaway Stargatt & Taylor, LLP, on an earned upon receipt basis do

  not constitute an interest of the Debtors in property and are thus not listed in response to Schedule B, questions 6-7.  These payments are listed in response to SOFA question 11.

14. With respect to Schedule A/B, Question 3, bank account balances are reported as of May 19, 2020.

15. With respect to Schedule A/B, question 10, the Debtors listed the accounts receivable on a consolidated basis in the Schedule of Integramed America, Inc.

16. Schedule D does not include beneficiaries of letters of credit.  Although the claims of certain parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

17. Certain claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

18. The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

19. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

20. With respect to Schedule D, the Debtors listed Bank of Montreal as the agent to the secured debt listed at D.1 and D.2.  However, prior to the Petition Date, Amulet Capital Partners or an affiliate thereof purchased the debt listed at D.1.  The Debtors do not know with certainty whether, as of the Petition Date, Bank of Montreal has been replaced as agent for purposes of the senior secured debt listed at D.1.

21. With respect to Schedule E/F, part 2, all creditors and amounts listed are derived from the Debtors' accounts payable as of May 20, 2020.  The Debtors are unable to state with certainty the dates that such debts were incurred, and accordingly, the Debtors have not listed the dates that such debts were incurred.

22. With respect to Schedule E/F, part 2, the addresses for certain creditors were not available in the Debtors' books and records.  Such addresses have, accordingly, been omitted.

23. With respect to Schedule E/F, the Debtors have omitted the entry of any patients who received care at non-debtor owned clinical facilities in accordance with the policies and protections afforded by the Health Insurance Portability and Accountability Act ("HIPAA").  Such patients may be creditors of the Debtors, and appropriate records will be made available to the Chapter 7 Trustee and the Court upon request.

24. The Debtors have included information for all of their employees, each of whom was paid through and including May 23, 2020, on account of earned wages, salaries and paid time off.  Any amounts owed to such employees are unknown, and have been listed as such on the Schedules.  Appropriate correspondence regarding the commencement of these chapter 7 cases was sent to employees immediately upon the filing of these proceedings. .

25. With respect to Schedule G, part 2, the addresses for certain executory contract or unexpired lease counterparties were not available in the Debtors' books and records.  Such addresses have been omitted.

26. With respect to Schedule H, each of the Debtors are co-obligors with respect to scheduled claims listed at D.1 and D.2.  Accordingly, each of the Debtors have been listed on Schedule H with respect to such claims.

27. The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

28. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

29. For purposes of Schedule H, the Debtors have not listed their past insurers or current insurers as co-debtors because the Debtors are unaware of any actual present liability on the part of these parties.  The Debtors reserve their rights to assert that any of the various foregoing parties (or any other party not listed on Schedule H whom the Debtors later discover to be liable in whole or part for any obligation of the Debtors) is a co-debtor with the Debtors, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any rights of the Debtors to assert that any entity not listed in response to Schedule H is a co-debtor with respect to one or more of the Debtors' obligations.

26354994.5

30. Prior to the commencement of these cases, on May 8, 2020, May 16, 2020, and May 19, 2020, the Debtors issued three special payrolls to all employees for their earned wages, salaries, and paid time off. All other payrolls were made in the ordinary course of business on a biweekly basis. Due to the voluminous nature of such employee payments, the Debtors have excluded payments to rank and file employees in SOFA question 3. For the avoidance of doubt, the Debtors have included all applicable payments to insiders in SOFA question 4.

31. With respect to SOFA questions 26(b) through 26(d), the Debtors have excluded rank and file accountants and bookkeepers in response to this question, instead listing those officers who supervised them, as well as the Debtors' external accounting and audit firms.

32. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their past or present officers, employees, attorneys, professionals and/or agents (including, but not limited to, the Designated Representative) be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Trellis Health LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | 20-11171 (LSS) |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:  Income

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

### Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

| Debtor | Trellis Health LLC | Case number *(if known)* | 20-11171 (LSS) |
|---|---|---|---|

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Debtor | Trellis Health LLC | Case number (if known) | 20-11171 (LSS) |

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7: Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8: Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9: Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17.** Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,

| Debtor | Trellis Health LLC | Case number (if known) | 20-11171 (LSS) |
|---|---|---|---|

moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

   ■ No.
   ☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Debtor | Trellis Health LLC | Case number *(if known)* | 20-11171 (LSS) |
|---|---|---|---|

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:  Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>**Dates business existed** |
|---|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.   **Stefanie Starna**<br>**Deloitte & Touche LLP**<br>**30 Rockefeller Plaza**<br>**New York, NY 10112** | |
| 26a.2.   **Michael Hadjiloucas**<br>**EisnerAmper LLP**<br>**111 Wood Ave. South**<br>**Iselin, NJ 08830** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1.   **Michael Hadjiloucas**<br>**EisnerAmper LLP**<br>**111 Wood Ave. South**<br>**Iselin, NJ 08830** | |

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.2.   **Stefanie Starna**<br>**Deloitte & Touche LLP**<br>**30 Rockefeller Plaza**<br>**New York, NY 10112** | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

| Debtor | **Trellis Health LLC** | Case number *(if known)* **20-11171 (LSS)** |
|---|---|---|

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Stefanie Starna**<br>**Deloitte & Touche LLP**<br>**30 Rockefeller Plaza**<br>**New York, NY 10112** | |
| 26c.2. **Michael Hadjiloucas**<br>**EisnerAmper LLP**<br>**111 Wood Ave. South**<br>**Iselin, NJ 08830** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **F. Richard Dietz, Jr.** | | **Officer** | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Mark Attarian** | | **Officer** | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

Debtor **Trellis Health LLC**     Case number *(if known)* **20-11171 (LSS)**

■ No
☐ Yes. Identify below.

**Name of the parent corporation**

**Employer Identification number of the parent corporation**

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

**Name of the pension fund**

**Employer Identification number of the parent corporation**

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 22, 2020**

**/s/ F. Richard Dietz, Jr.**      **F. Richard Dietz, Jr.**
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    **Interim Chief Executive Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes